## Miller, Jr. v. Urban Redevelopment Authority of Pittsburgh

*Clencie L. Cotton,* for plaintiffs.

*William J. Tarter,* for defendant Urban Redevelopment Authority of Pittsburgh.

*Richard D. Klaber,* for Allegheny County Contracting Industries, Inc.

DOYLE, J., October 29, 1973.—Preliminary objections (demurrer) of defendant, Urban Redevelopment Authority of Pittsburgh (URA), are before the court en banc for disposition.

Plaintiffs' complaint alleges that during June of 1971 URA acquired parcels of land adjacent to their dwelling house on which it planned to construct housing units, streets and sewers. In furtherance of that plan, URA contracted with defendant, Allegheny County Contracting Industries, Inc. (Allegheny), for certain site improvement work.

Plaintiffs demand damages for injury to their dwelling house, for emotional distress and for interference with wife-plaintiff's business as a professional artist. URA's demurrer asserts that it is an instrumentality of the Commonwealth and, ergo, immune from suit.

URA is a "body corporate and politic" created by the Act of May 24, 1945, P. L. 991, 35 PS §1701, et seq. ("Urban Redevelopment Law"), to "exist and operate for the public purposes of . . . eliminat [ing] blighted areas through economically and socially sound redevelopment . . ." Section 4(a) of that law provides:

"There are hereby created separate and distinct bodies corporate and politic, one for each city and

one for each county of the Commonwealth, as herein defined. Each such body shall be known as the Redevelopment Authority of the city or the county, as the case may be, but shall in *no way be deemed to be an instrumentality of such city or county, or engaged in the performance of a municipal function."* (Italics supplied).

Section 9 Powers of an Authority provides:

"An Authority shall constitute a public body, corporate and politic, *exercising public powers of the Commonwealth* as an agency thereof, . . . including the following powers . . .:

"(q)  To sue and be sued[1]" (Italics supplied.)

Plaintiffs contend that URA is a "municipal or quasi-municipal corporation" and, therefore, amenable to suit under the recently announced doctrine of Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973). However, we are confronted here with the *sovereign immunity of the Commonwealth,* which is based on the Pennsylvania Constitution[2] and can properly be altered or abolished only by the legislature.

Plaintiffs assert that section 9 (q), supra, of the Urban Redevelopment Law indicates a legislative intent to make URA amenable to suit despite its affiliation with the Commonwealth. But Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609 (1962), holds that the cited language "powers . . . to sue and be sued" does not constitute a waiver of sovereign immunity from vicarious liability in ex delicto actions but "applies only to those actions necessary to carry out the ordinary business and functions of the Commission or Agency." Page 615.

---

[1] The language, *"power* to be sued" is, at best, incongruous.

[2] Article I, §11, provides, inter alia, ". . . Suits may be brought against the Commonwealth . . . in such courts and in such cases as the Legislature may by law direct."

Brown v. Commonwealth, 453 Pa. 566, 305 A. 2d 868 (1973), confirmed the Commonwealth's immunity from vicarious liability in actions ex delicto, again holding that the immunity is founded in the Constitution and that the immunity does not violate the due process and equal protection clauses of the fourteenth amendment to the United States Constitution and concludes:

"Whether the doctrine of sovereign immunity should be modified in this Commonwealth is a legislative question."

Accordingly, URA's demurrer to the complaint must be sustained and the complaint, as to URA, must be dismissed.

### ORDER

And now, October 29, 1973, the demurrer of defendant, Urban Redevelopment Authority of Pittsburgh. is sustained and plaintiffs' complaint as to defendant, Urban Redevelopment Authority of Pittsburgh, is dismissed.